JUDGE

FILED _____ ENTERED
LODGED _____ RECEIVED

MAY 0 9 2003  KN

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

CV 03 00571 #00000012

# UNITED STATE DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs

REAL PROPERTY LOCATED AT 29635 11th AVENUE SW, FEDERAL WAY, WASHINGTON 98023, its Buildings, Improvements, Appurtances, Fixtures, Attachments, and Easements.

    Defendant

NO C03-571

VERIFIED STATEMENT OF FLORENCE S STONE RE SECURED CLAIM AGAINST THE PROPERTY

TO The Court and All Parties of Record

### VERIFICATION OF CLAIM

STATE OF California  )
                           ) ss
COUNTY OF Orange )

    I, Florence S Stone, declare under penalty of perjury that the following is true and correct to the best of my knowledge

    I was born on October 8, 1914 and I am 89 years old  I am competent to testify herein  I am currently staying with my daughter in Anaheim, California

ORIGINAL

Verified Statement
Page - 1

Law Offices of
**PAYNE & HICKEL**
A Professional Service Corporation
30640 PACIFIC HIGHWAY SOUTH #C
FEDERAL WAY WASHINGTON 98003
Ph (253) 839 1730  Fax (253) 839 1941

My son Christopher Stone is a licensed realtor in the State of Washington and actively markets, lists and sells real estate. I also worked as a realtor during my working career and occasionally make real estate investments.

On or about November 2001 my son Christopher Stone informed me that he had listed the property located at 29635 11th Ave SW Federal Way, Washington for sale that was owned by Lisa Roberts. He stated that Ms. Roberts inherited the property from her parents and that she owned the property free and clear with the exception of a $25,000.00 loan.

In furtherance of the sale of the property, my son stated that the property needed certain improvements in order to facilitate the sale and that Ms Roberts also needed to pay off the $25,000.00 loan that was apparently due. In addition, she needed money to help pay her bills until the house could be sold.

I reviewed the value of the property with my son and determined that a proposed loan in the amount of $85,000.00 to Lisa Roberts secured by a deed of trust in first position with equity of approximately $400,000.00 in the home would be a good business investment. On this basis I made a loan to Lisa Roberts in the amount of $85,000.00 at 9.5% interest payable in one year from the date of the note, which was a better rate of return than money market rates at that time.

I have never met Lisa Roberts and was never in the home. The loan was conducted through Fidelity National Title Company and the closing of the loan was handled through Fidelity. Attached hereto is a true and correct copy of the promissory note and deed of trust executed by Lisa Roberts and recorded against the property on November 30, 2001 under King County Auditor's recording no. 20011130003406

Verified Statement
Page - 2

Law Offices of
**PAYNE & HICKEL**
A Professional Service Corporation
30640 PACIFIC HIGHWAY SOUTH #C
FEDERAL WAY WASHINGTON 98003
Ph (253) 839 1730   Fax (253) 839 1941

The note became due and payable December 1, 2002 and to date it has not been paid. The matter was turned over to my attorney Timothy T Hickel in order to start a deed of trust foreclosure action. I just recently became aware of the problems caused by Lisa Roberts.

I have furnished the above information based upon my own personal knowledge and belief.

_____
Florence S Stone

SUBSCRIBED AND SWORN to before me this 6 day of May 2003, Florence S Stone

_____
Signature
Print: Denise Karp
Notary Public in and for the State of California, residing at Orange County
Expires Nov. 26, 2006

[Notary Seal: DENISE KARP, Commission # 1367584, Notary Public - California, Orange County, My Comm. Expires Nov 26, 2006]

Verified Statement
Page - 3

Law Offices of
PAYNE
&
HICKEL
A Professional Service Corporation
30640 PACIFIC HIGHWAY SOUTH #C
FEDERAL WAY WASHINGTON 98003
Ph (253) 839-1730  Fax (253) 839-1941

# PROMISSORY NOTE

$ 85,000 00             November 30   , 2001        Federal Way, WA
   Principal                Date                      City      State

**FOR VALUE RECEIVED,**   LISA DIANE ROBERTS
_____, hereinafter

"Maker" promises to pay to   FLORENCE S. STONE

hereinafter "Holder" or order at   32290 1st Ave S #261, Federal Way, WA 98003

or other such place as may be designated by the Holder from time to time, the principal sum of Eighty Five Thousand and no/100-------------------------------- dollars ($ 85,000.00        ), with interest thereon from  30th  day of  November  , 2001  , on the unpaid principal at the rate of  nine and one-half  percent (  9 50  %) per annum as follows

1.   **INSTALLMENT PAYMENTS** Maker shall pay,  (check one)

    a   (X)   **NO INSTALLMENTS**  No installment payments are required

    b   ( )   **PRINCIPAL and INTEREST INSTALLMENTS** of _____
                                                                               dollars ($_____)

    c   ( )   **INTEREST ONLY PAYMENTS** on the outstanding principal balance

    (The following must be completed if "b" or "c" is checked)

The installment payments shall begin on the _____ day of _____, _____, and shall continue on the _____ day of each succeeding  (check one)

( )  calendar month          ( )  sixth calendar month     ( )  other _____
( )  third calendar month    ( )  twelfth calendar month        _____

2.   **DUE DATE** The entire balance of this Note together with any and all interest accrued thereon shall be due and payable in full on   1st   day of   December  ,  2002

3.   **DEFAULT INTEREST** After maturity, or failure to make any payment, any unpaid principal shall accrue interest at the rate of  nine and 1/2  percent (  9.5  %) per annum (18% if not filled in) OR the maximum rate allowed by law, whichever is less, during such period of Maker's default under this Note

4.   **ALLOCATION OF PAYMENTS** Each payment shall be credited first to any late charge due, second to interest, and the remainder to principal

5.   **PREPAYMENT** Maker may prepay all or part of the balance owed under this Note at any time without penalty

6.   **CURRENCY** All principal and interest payments shall be made in lawful money of the United States

7.   **LATE CHARGE** If Holder receives any installment payment more than _____ days (15 days if not filled in) after its due date, then a late payment charge of $_____, or _____ percent (_____%) of the installment payment (5% of the installment payment if neither is filled in) shall be added to the scheduled payment

8   **DUE ON SALE** (*OPTIONAL*-Not applicable unless initialed by Holder and Maker to this Note) If this Note is secured by a Deed of Trust or any other instrument securing repayment of this Note, the property described in such security instruments may not be sold or transferred without the Holder's consent Upon breach of this provision, Holder may declare all sums due under this Note immediately due and payable, unless prohibited by applicable law

    _____JR_____                    _____FSS Ch CY PoH_____
    Maker (Initials)                    Holder (Initials)

9   **ACCELERATION** If Maker fails to make any payment owed under this Note, or if Maker defaults under any Deed of Trust or any other instruments securing repayment of this Note, and such default is not cured within __60__ days (30 days if not filled in) after written notice of such default, then Holder may, at its option, declare all outstanding sums owed on this Note to be immediately due and payable, in addition to any other rights or remedies that Holder may have under the Deed of Trust or other instruments securing repayment of this Note

10  **ATTORNEYS' FEES AND COSTS** Maker shall pay all costs incurred by Holder in collecting sums due under this Note after a default, including reasonable attorneys' fees, whether or not suit is brought If Maker or Holder sues to enforce this Note or obtain a declaration of its rights hereunder, the prevailing party in any such proceeding shall be entitled to recover its reasonable attorneys' fees and costs incurred in the proceeding (including those incurred in any bankruptcy proceeding or appeal) from the non-prevailing party

11  **WAIVER OF PRESENTMENTS** Maker waives presentment for payment, notice of dishonor, protest and notice of protest

12  **NON-WAIVER** No failure or delay by Holder in exercising Holder's rights under this Note shall be a waiver of such rights

13  **SEVERABILITY** If any clause or any other portion of this Note shall be determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other clause or portion of this Note, all of which shall remain in full force and effect

14  **INTEGRATION** There are no verbal or other agreements which modify or affect the terms of this Note This Note may not be modified or amended except by written agreement signed by Maker and Holder

15  **CONFLICTING TERMS** In the event of any conflict between the terms of this Note and the terms of any Deed of Trust or other instruments securing payment of this Note, the terms of this Note shall prevail

16  **EXECUTION** Each Maker executes this Note as a principal and not as a surety If there is more than one Maker, each such Maker shall be jointly and severally liable under this Note

17  **COMMERCIAL PROPERTY** (*OPTIONAL*-Not applicable unless initialed by Holder and Maker to this Note) Maker represents and warrants to Holder that the sums represented by this Note are being used for business, investment or commercial purposes, and not for personal, family or household purposes

    ORAL AGREEMENTS ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, TO EXTEND CREDIT, OR TO FOREBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW

    _____              _____
    Maker (Initials)                     Holder (Initials)

18  **DEFINITIONS** The word Maker shall be construed interchangeably with the words Borrower or Payer and the word Holder shall be construed interchangeably with the words Lender or Payee In this Note, singular and plural words shall be construed interchangeably as may be appropriate in the context and circumstances to which such words apply

19  **ADDITIONAL TERMS AND CONDITIONS**   (check one)

    a    (X)    NONE

    OR

    b    ( )    As set forth on the attached "Exhibit A" which is incorporated by this reference

         (Note If neither a or b is checked, then option "a" applies)

20   THIS NOTE IS SECURED BY (X) DEED OF TRUST, ( ) MORTGAGE, ( ) _____
     OF EVEN DATE

Maker (signatures)

\_\_\_\_\_*Lisa Roberts*_____        _____
LISA DIANE ROBERTS


_____        _____

Maker's address for all notices given by Holder under this Note   29635  11th Ave SW

Federal Way, WA  98023

**DO NOT DESTROY THIS NOTE**
WHEN PAID this original Note together with the Deed of Trust securing the same, **must be surrendered to the Trustee for cancellation and retention before any reconveyance can be processed**

# REQUEST FOR FULL RECONVEYANCE

The undersigned beneficiary is the legal owner and holder of the promissory note in the original sum of

$ __85,000.00_____, secured by that certain Deed of Trust dated __November 30, 2001__,

in which __Lisa Diane Roberts, an unmarried person_____, is/are grantor(s) and

_____ is trustee,

filed for record on __November 30, 2001____, as Auditor's File No __20011130003405____, and

recorded in Volume _____ of Mortgages, at page _____, records of __King__ County, Washington

The note and all other indebtedness secured by said Deed of Trust having been fully satisfied, the note and Deed of Trust are herewith surrendered to you for cancellation and reconveyance

You are therefore requested, upon payment of all sums owing to you, to reconvey without warranty, to the person(s) entitled thereto, the right, title, and interest now held by you thereunder

Dated _____

_____
FLORENCE S  STONE
             (Beneficiary)

By _____

By _____

By _____

LPB-23 7/97

AFTER RECORDING MAIL TO

Name  Florence S Stone

Address  32290 1st Ave S #261

City, State, Zip  Federal Way, WA 98003

Filed for Record at Request of
Fidelity National Title
03-313011

20011130003406
FIDELITY NATIO DT     11 00
PAGE 001 OF 004
11/30/2001 15 26
KING COUNTY  WA

Fidelity National Title Co.
BZ6847-6 (4 #11)

## DEED OF TRUST
*(For use in the state of Washington only)*

Grantor(s) _____

Grantee(s) _____

Trustee _____

Abbreviated Legal  Ptn Lots 4 & 5, Blk 2, DEMARWOOD ADD TO KING COUNTY

Additional Legal on page  4

Assessor's tax parcel/Account Nos  195460-0050-05

THIS DEED OF TRUST, made this 29th day of November, 2001, between LISA DIANE ROBERTS, an unmarried person, GRANTOR(S), whose street address is 29635 11th Ave SW, Federal Way WA 98023 Fidelity National Title Company of Washington, TRUSTEE whose street address is 3500 188th Street SW, Suite 300, Lynnwood, WA 98037, and FLORENCE S STONE, as her separate estate, BENEFICIARY, whose street address is 32290 1st Way S #261, Federal Way, WA 98003

WITNESSETH  Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of sale, the following described real property in King County, Washington

Legal description attached hereto and by this reference incorporated herein

which real property is not used principally for agricultural purposes, together with all the tenements, hereditaments, and appurtenances now or hereafter belonging or in any way appertaining, and the rents issues, and profits of the property

This Deed of Trust is for the purpose of securing performance of each agreement of Grantor(s) contained in this Deed of Trust, and payment of the sum of EIGHTY FIVE THOUSAND and no/100 Dollars ($85,000 00) with interest, in accordance with the terms of a promissory note of even date herewith, payable to Beneficiary or order, and made by Grantor(s) and all renewals, modifications, and extensions of the note, and also such further sums as may be advanced or loaned by Beneficiary to Grantor(s), or any of the Grantor(s) successors or assigns, together with interest thereon at the rate agreed upon

DUE DATE.  The entire balance of the promissory note secured by this Deed of Trust, together with any and all interest accrued thereon, shall be due and payable in full on December 1, 2002

*To protect the security of this Deed of Trust, Grantor(s) covenant(s) and agree(s)*

1  To keep the property in good condition and repair, to permit no waste of the property, to complete any building, structure, or improvement being built or about to be built on the property, to restore promptly any building, structure, or improvement on the property which may be damaged or destroyed, and to comply with all laws, ordinances, regulations, covenants conditions, and restrictions affecting the property

2  To pay before delinquent all lawful taxes and assessments upon the property, to keep the property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust

LPB-22A(i) 4/00
Page 1 of 3

3 To keep all buildings now or hereafter erected on the property continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust  All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary, as its interest may appear, and then to the Grantor(s)  The amount collected under any insurance policy may be applied upon any indebtedness secured by this Deed of Trust in such order as the Beneficiary shall determine  Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust  In the event of foreclosure, all rights of the Grantor(s) in insurance policies then in force shall pass to the purchaser at the foreclosure sale

4 To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust

5 To pay all costs, fees, and expenses in connection with this Deed of Trust  including the expenses of the Trustee incurred in enforcing the obligation secured by this Deed of Trust and Trustee's and attorney's fees actually incurred, as provided by statute

6 Should Grantor(s) fail to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the property  Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured by this Deed of Trust, shall be added to and become a part of the debt secured in this Deed of Trust

7 DUE ON SALE  (OPTIONAL – *Not applicable unless initialed by Grantor and Beneficiary*)  The property described in this security instrument may not be sold or transferred without the Beneficiary's consent  Upon breach of this provision, Beneficiary may declare all sums due under the note and Deed of Trust immediately due and payable, unless prohibited by applicable law

_____                    _____
Grantor (Initials)                         Beneficiary (Initials)

IT IS MUTUALLY AGREED THAT

8 In the event any portion of the property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured by this Deed of Trust shall be paid to Beneficiary to be applied to said obligation

9 By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay

10 The Trustee shall reconvey all or any part of the property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor(s) and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto

11 Upon default by Grantor(s) in the payment of any indebtedness secured by this Deed of Trust or in the performance of any agreement contained in this Deed of Trust, all sums secured by this Deed of Trust shall immediately become due and payable at the option of the Beneficiary, subject to any cure period provided in the note secured by this Deed of Trust  In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington, at public auction to the highest bidder  Any person except Trustee may bid at Trustee's sale  Trustee shall apply the proceeds of the sale as follows  (1) to the expense of the sale, including a reasonable Trustee's fee and attorney's fee, (2) to the obligation secured by this Deed of Trust, and (3) the surplus, if any, shall be distributed to the persons entitled thereto

12 Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser all right, title and interest in the real and personal property which Grantor(s) had or had the power to convey at the time of the execution of this Deed of Trust, and such as Grantor(s) may have acquired thereafter  Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value

13 The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy, Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage

14 In the event of the absence, death, incapacity, disability, or resignation of Trustee, or at the discretion of the Beneficiary, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee  The trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of an action or proceeding in which Grantor(s), Trustee, or Beneficiary shall be a party unless such action or proceeding is brought by the Trustee

15 This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto  but on his/her/their heirs, devisees, legatees, administrators, executors  and assigns  The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein

LPB-22A(i) 4/00
Page 2 of 3

ClibPDF - www.fastio.com

16   ADDITIONAL TERMS AND CONDITIONS   (check one)

a   (X)   NONE

OR

b   ( )   As set forth on the attached "Exhibit A" which is incorporated by this reference

(Note If neither a nor b is checked, then option "a" applies)

Dated _____

_Lisa Roberts_ (signature)

LISA DIANE ROBERTS

STATE OF WASHINGTON )
                     )ss
COUNTY OF KING       )

I certify that I know or have satisfactory evidence that LISA DIANE ROBERTS (is/are) the person(s) who appeared before me and said person(s) acknowledged that (he/she/they) signed this instrument and acknowledged it to be (his/her/their) free and voluntary act for the uses and purposes mentioned in this instrument

Dated  11-30-01

_Jeanne M Ball_ (signature)

Notary Public in and for the state of Washington
Residing at Federal Way
My appointment expires  5-26-03

2001 113 0003405

REQUEST FOR FULL RECONVEYANCE - *Do not record   To be used only when note has been paid*

TO   TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust  Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied, and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder

Dated _____

_____

_____

LPB-22A(i) 4/00
Page 3 of 3

ClibPDF - www.fastio.com

Fidelity National Title Company of Washington
ALTA Commitment, Page 2
Order No 0826847

LEGAL DESCRIPTION:

Lots 4 and 5, Block 2, DeMARWOOD ADDITION TO KING COUNTY, according to the Plat thereof recorded in Volume 52 of Plats, Pages 4 and 5, records of King County, Washington,

EXCEPT that portion of Lot 4 lying West of a line beginning on the North line of said Lot 4 at a point 190 39 feet West of the Northeast corner thereof;
THENCE South 15°29'39" West to the South line of Lot 4;

AND EXCEPT that portion of Lot 5 lying West of a line beginning on the South line of Lot 5, a distance South 89°2'17" East 140 82 feet from the Southwest corner,
THENCE North 15°29'8" East to the North line of said Lot 5 and termination of said line

Situate in the County of King, State of Washington

NOTE FOR INFORMATIONAL PURPOSES ONLY:

The following may be used as an abbreviated legal description on the documents to be recorded, per amended RCW 65 04   Said abbreviated legal description is not a substitute for a complete legal description within the body of the document

Ptn Lts 4 & 5  Blk 2, DeMARWOOD ADD TO KING COUNTY

20011113 0003495

ClibPDF - www fastio com